**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Guadalupe de Jesus Perez

Plaintiff

v.

El Real Food Market Corp., La Mia Food Market Corp., Llamamu Grocery Corporation, Mario Serrata a/k/a Melvin Serrata, and Yvette Collado

Defendants.

Case No.: 21-cv-3836

JURY TRIAL REQUESTED

# COMPLAINT

## I. PRELIMINARY STATEMENT

1. Plaintiff worked in Defendants' multiple grocery stores for three years, regularly working more than 60 hours per week, but was paid less than minimum wage, was never paid a premium rate for overtime hours as required by Federal and State law and was paid nothing whatsoever when she contracted COVID and could not work. When Plaintiff rejected an unwanted sexual advance from Defendant Mario Serrata, she was immediately fired.

2. Plaintiff brings this action against Defendants El Real Food Market Corp., La Mia Food Market Corp., Llamamu Grocery Corporation, Mario Serrata a/k/a Melvin Serrata, and Yvette Collado (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiff's wages for her work, including failure to pay sick time wages during her COVID illness, and for Defendant Mario Serrata's sexual harassment of Plaintiff.

3. Plaintiff alleges violations of the minimum wage and overtime provisions of the federal

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the paid sick time requirements of the Emergency Paid Sick Leave Act ("EPSLA") section of Families First Coronavirus Response Act ("FFCRA") 29 U.S.C. 2601 et seq., the minimum wage, spread of hours, overtime, wage statement and wage notice provisions of New York Labor Law Article 19 § 650, *et seq.* ("NYLL") and the New York State Human Rights Law ("NYSHRL") N.Y. Exec. L. § 296 prohibiting discrimination on the basis of sex. Plaintiff seeks her earned but unpaid wages and liquidated damages pursuant to the FLSA; her earned but unpaid wages and liquidated damages pursuant to the NYLL; other statutory damages pursuant to the NYLL; damages, including lost compensation, mental anguish, humiliation, and emotional distress and punitive damages under the NYSHRL; and reasonable attorneys' fees, costs, and interest.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 216, and 28 U.S.C. §§ 1331 and 1337 and the FFCRA 29 U.S.C. 2601 et seq. As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

## III. THE PARTIES

7. Plaintiff Guadalupe de Jesus Perez is an adult individual and resident of the State of New York, Queens County. Her consent to sue is attached hereto as Exhibit A.

8. At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by

   a. the FLSA, 29 U.S.C. § 203(e) (1);

   b. the FMLA, 29 U.S.C.A. § 2611;

   c. NYHRL, N.Y. Exec. Law § 292; and by

   d. the NYLL § 190.

9. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(b)(r)(1).

10. Upon information and belief, Defendant El Real Food Market Corp. is a domestic corporation doing business in the State of New York and Kings County County. El Real Food Market Corp. is headquartered at 306 Irving Avenue, Brooklyn, NY 11237.

11. Upon information and belief, Defendant La Mia Food Market Corp. is a domestic corporation doing business in the State of New York and Queens County. La Mia Food Market Corp. is headquartered at 24-16 40th Ave, Queens, NY 11101.

12. Upon information and belief, Defendant Llamamu Grocery Corporation is a domestic corporation doing business in the State of New York and Queens County. Llamamu Grocery Corporation is headquartered at 24-16 40th Ave, Queens, NY 11101.

13. Upon information and belief, Defendant Mario Serrata a/k/a Melvin Serrata is the co-owner and co-manager of Defendants El Real Food Market Corp., La Mia Food Market Corp.

and Llamamu Grocery Corporation. Defendant Mario Serrata is a resident of the State of New York.

14. Upon information and belief, Defendant Yvette Collado is the co-owner and co-manager of Defendants El Real Food Market Corp., La Mia Food Market Corp. and Llamamu Grocery Corporation. Defendant Yvette Collado is a resident of the State of New York.

15. Upon information and belief, at all times relevant to the Complaint, Defendants Mario Serrata and Yvette Collado made all relevant decisions regarding Plaintiff's wages, working conditions, and employment status at the Defendant corporations.

16. At all times relevant to the Complaint, Defendants Mario Serrata and Yvette Collado had the power to hire and fire Plaintiff, set Plaintiff's wages, retain time and/or wage records, and otherwise control the terms and conditions of Plaintiff's employment at the Defendant corporations.

17. At all times relevant to the Complaint, Defendants Mario Serrata and Yvette Collado had the power to stop any illegal pay practices at the Defendant corporations.

18. At all times relevant to the Complaint, Defendants Mario Serrata and Yvette Collado actively managed, supervised, and directed the business affairs and operation of the Defendant corporations, and acted directly and indirectly in relation to the employees.

19. At all times relevant to the Complaint, Defendant El Real Food Market Corp. was an employer of Plaintiff as that term is defined by

a. the FLSA, 29 U.S.C. § 203(e) (1);

b. the FMLA, 29 U.S.C.A. § 2611;

c. NYHRL, N.Y. Exec. Law § 292; and by

d. the NYLL § 190.

20. At all times relevant to the Complaint, Defendant La Mia Food Market Corp. was an employer of Plaintiff as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1);
    b. the FMLA, 29 U.S.C.A. § 2611;
    c. NYHRL, N.Y. Exec. Law § 292; and by
    d. the NYLL § 190.

21. At all times relevant to the Complaint, Defendant Defendant Llamamu Grocery Corporation was an employer of Plaintiff as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1);
    b. the FMLA, 29 U.S.C.A. § 2611;
    c. NYHRL, N.Y. Exec. Law § 292; and by
    d. the NYLL § 190.

22. At all times relevant to the Complaint, Defendant Mario Serrata was an employer of each of the Plaintiffs as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1);
    b. the FMLA, 29 U.S.C.A. § 2611;
    c. NYHRL, N.Y. Exec. Law § 292; and by
    d. the NYLL § 190.

23. At all times relevant to the Complaint, Defendant Yvette Collado was an employer of each of the Plaintiffs as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1);
    b. the FMLA, 29 U.S.C.A. § 2611;
    c. NYHRL, N.Y. Exec. Law § 292; and by

d. the NYLL § 190.

24. Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five calendar years and individually and collectively are an enterprise engaged in commerce.

25. Upon information and belief, at all relevant times Defendants collectively employed more than 10 and not more than 500 individuals.

## IV. STATEMENT OF FACTS

26. At all relevant times, Plaintiff performed physical labor in Defendants' grocery store business including preparing sandwiches and other deli items, butchering and seasoning meat, cleaning, working the cash register, and opening and closing Defendants' grocery stores.

27. Plaintiff worked for Defendants from approximately May 20, 2018 to approximately April 23, 2021.

28. Plaintiff regularly worked at Defendants' grocery store located at 306 Irving Ave Brooklyn, NY and at Defendants' grocery store located at 24-16 40th Ave, Queens, NY.

29. Throughout Plaintiff's first year and a half of employment with Defendants, she regularly worked from 7:30 am to 6:00 pm, with no lunch break. She worked Monday through Saturday and occasionally worked on Sundays as well.

30. Beginning around January 2020, Plaintiff began arriving at Defendant's Brooklyn store around 7:15 am in order to open the store. On Tuesdays and Saturdays, she was responsible for closing the store and worked until 9:30 pm. She continued to work 6 days per week.

31. When the COVID pandemic erupted in March 2020, Plaintiff began working 7 days per week from 7:30 am to 6:00 pm. On Tuesdays and Saturdays, she worked until 9:30 pm.

She also had to open and close the store on some Sundays.

32. At the end of March 2020, Plaintiff became severely ill with COVID and could not work. She notified Defendants in writing of her illness and that her doctor advised her she must quarantine.

33. Plaintiff was sick for 17 days, ending in mid-April 2020. Defendants paid Plaintiff nothing during this time period.

34. Upon returning to work, Plaintiff regularly worked from 8:00 am to 6:00 pm, Monday through Saturday and sometimes on Sunday. Three times per week, she closed the store and, on those days, she worked until 9:30 pm.

35. From approximately December 1, 2020 until January 20, 2020, Plaintiff worked 7 days per week in Defendants' Queens grocery store. She was instructed to be ready to be picked up at 5:30 am every morning. In the afternoon, she was transported to Defendants' Brooklyn grocery store and worked until approximately 9:30 pm.

36. For the remainder of Plaintiff's employment with Defendants, she worked 7 days per week, from 8:00 am to 9:00 pm.

37. Defendants paid Plaintiff a flat daily rate of $100 and an additional $50 each time that she closed the store.

38. Defendants never paid Plaintiff a premium rate for overtime hours, in violation of the FLSA and NYLL.

39. Defendants never paid Plaintiff a premium rate for the additional time for days in which Plaintiffs worked more than 10 hours, in violation of the NYLL.

40. On or about April 21, 2021, Defendant Mario Serrata told Plaintiff that he would give her a ride home after work. During the car ride, Defendant Mario Serrata asked Plaintiff

whether she had a boyfriend. He then asked her if she wanted a massage. Plaintiff said "no." Defendant Mario Serrata persisted and said "this is serious. You are alone. I am alone." Plaintiff then tried to exit the vehicle and Defendant Mario Serrata grabbed her hand. Plaintiff told Defendant Mario Serrata that she did not want to have any problem with him and left the car quickly. She observed that Defendant Mario Serrata remained parked outside her residence for some time afterward.

41. Two days later, Defendants' manager, Roberto, informed Plaintiff that Defendant Mario Serrata had instructed him to terminate her employment.

42. During Plaintiff's employment, Defendants did not post and keep posted a notice explaining the Fair Labor Standards Act in a conspicuous place in their establishment such as would permit Plaintiffs or other employees to observe readily a copy, as required by 29 C.F.R. § 516.4.

43. During Plaintiff's employment, Defendants did not post and keep posted the minimum wage and overtime poster issued by the New York State Department of Labor at the places of employment where it could be read easily by their employees, as required by NYLL § 661.

44. During Plaintiffs' employment, Defendants did not notify Plaintiffs, or post and keep posted the notice, of the employer's policy on sick leave, vacation, personal leave, holidays and hours, as required by NYLL § 195(5).

45. Plaintiff did not receive at the time of hiring, or at any subsequent time, a wage notice in English or Spanish, the Plaintiff's primary language, containing the information outlined in NYLL § 195(1)(a), such as the rate of pay.

46. Plaintiff did not receive weekly wage stubs or statements containing all information

required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

47. Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiff at least minimum wage for every hour worked and premium pay for all hours worked in excess of forty (40) per week.

48. Upon information and belief, during the period of Plaintiff's employment by Defendants, at all times approximately 10-15 other individuals were also employed by Defendants.

## V. FIRST CAUSE OF ACTION

***Fair Labor Standards Act – Minimum Wage***

49. Plaintiff restates, re-alleges and incorporate by reference all of the preceding allegations as if fully set forth herein.

50. Defendants willfully failed to pay Plaintiff at least the applicable federal minimum wage for certain hours worked in violation of 29 U.S.C. § 206 (a)(1).

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wage compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## VI. SECOND CAUSE OF ACTION

***Fair Labor Standards Act – Overtime***

52. Plaintiff restates, re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

53. Defendants willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours

in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

54. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wage and overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## VII. THIRD CAUSE OF ACTION

***FFCRA -- Paid Sick Time***

55. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

56. At all times material to this lawsuit, Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA, to wit: paid sick time during her COVID illness.

57. Defendants unlawfully interfered with Plaintiff's exercise of her FFCRA rights by denying her benefits that she was afforded.

58. As a direct and proximate result of the Defendant's unlawful treatment, Plaintiff has suffered damages under the FMLA as temporarily modified by the FFCRA.

59. Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

## VIII. FOURTH CAUSE OF ACTION

***NYLL – Minimum Wage***

60. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

61. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff at the applicable

minimum hourly wage, in violation of NYLL.

62. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## IX. FIFTH CAUSE OF ACTION

### *NYLL – Overtime*

63. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

64. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## X. SIXTH CAUSE OF ACTION

### *NYLL – Spread of Hours*

66. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

67. Defendants willfully violated Plaintiff's rights by failing to pay an additional hour of pay for each hour worked in excess of ten in one day, in violation of NYLL and its regulations.

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from

Defendants, jointly and severally, her unpaid spread of hours wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## XI. SEVENTH CAUSE OF ACTION

### *NYLL – Wage Notice*

69. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

70. Defendants willfully failed to provide Plaintiff, at the time of hiring or any subsequent time, a wage notice in English or Spanish, the Plaintiffs' primary language, containing the information required by NYLL § 195(a), such as the rate of pay.

71. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## XII. EIGHTH CAUSE OF ACTION

### *NYLL – Wage Statement*

72. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

73. Throughout the entire course of her employment, Defendants willfully failed to provide Plaintiff weekly wage stubs or statements containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

74. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from

Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

**XIII. NINTH CAUSE OF ACTION**

***NYHRL***

75. Plaintiff realleges and incorporates by reference all of the previous allegations as if fully set forth herein.

76. Defendants discriminated against Plaintiff and subjected her to a hostile work environment because of her sex.

77. Defendants' conduct constitutes illegal sexual harassment and discrimination on the basis of sex, in violation of N.Y. Exec. L. § 296.

78. As a result of these illegal actions, Plaintiff has suffered damages, including lost compensation, mental anguish, humiliation, and emotional distress.

79. Defendants' actions were malicious and/or reckless violations of Plaintiff's rights, for which she is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

80. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the Fair Labor Standards Act;

81. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the Families First Coronavirus Response Act;

82. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the New York State Human Rights Law;

83. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the New York Labor Law;

84. Order Defendants to pay to Plaintiff all minimum and overtime wages owed, including paid sick time, consistent with FLSA and FFCRA;

85. Order Defendants to pay to Plaintiff all minimum, spread of hours, and overtime wages owed, consistent with NYLL;

86. Order Defendants to pay to Plaintiff the statutorily prescribed penalties for failure to provide Plaintiffs with notice required by NYLL;

87. Award Plaintiff liquidated damages for all wages withheld in violation of FLSA;

88. Award Plaintiff additional liquidated damages for all wages withheld or delayed in violation of NYLL;

89. Grant judgment to Plaintiff on her New York State Human Rights Law claims and award Plaintiff appropriate damages, fines, and penalties as provided for by statute or as the Court deems just and proper, including back pay, compensatory damages and punitive damages;

90. Award Plaintiff reasonable attorneys' fees, costs and interest; and

91. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which she is entitled.

RESPECTFULLY SUBMITTED,

/s/ Robert McCreanor

ROBERT MCCREANOR, Esq.
Law Office of Robert D. McCreanor, P.L.L.C.

245 Saw Mill River Rd. Suite 106
Hawthorne, NY 10532
(845) 202 1833
rmccreanor@rdmclegal.com

**ATTORNEY FOR THE PLAINTIFF**

Dated: July 7, 2021